Filed 2/20/14  P. .v Estrada CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CARLOS ESTRADA,<br><br>Defendant and Appellant. | B251195<br><br>(Los Angeles County<br>Super. Ct. No. LA022691) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Carlos Estrada, appeals from the trial court's order denying his petition to recall his Three Strikes sentence of 25-years-to-life and to resentence him as a second striker pursuant to Penal Code section 1170.126.[1]  We affirm.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 1996, a jury found Estrada guilty of the nonviolent felonies of possession of cocaine base for sale in violation of Health and Safety Code section 11351.5, possession or purchase for sale of designated controlled substances in violation of Health and Safety Code section 11351 and the transportation, sale or giving away of a designated controlled substance in violation of Health and Safety Code section 11352, subdivision (a).  Then, in a bifurcated proceeding in the same matter, the trial court found that on July 23, 1983 Estrada had entered pleas of guilty to the attempted murder of a peace officer (§§ 664, 187), assault with a deadly weapon or by means of force likely to produce great bodily injury on a peace officer (§ 245, subd. (c)) and robbery, during which he personally used a firearm (§§ 211, 12022.5).  Due to his prior convictions for serious and violent felonies, on June 28, 1996 the trial court sentenced Estrada to a term

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The question whether the trial court's denial of a defendant's section 1170.126 petition is an appealable order is currently pending before the Supreme Court.  (See *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [order is appealable]; *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [order must be challenged by petition for writ].)

of 25-years-to-life pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Acting in propria persona, on July 31, 2013,[3] Estrada filed in the trial court a petition to recall his 25-years-to-life sentence pursuant to section 1170.126, the statute implemented as a result of the passage of Proposition 36. In his petition Estrada, after requesting the trial court to take into account the remoteness in time of his violent felonies, his efforts at rehabilitation and the length of his present incarceration, asked the court to resentence him as a second-striker.

On August 6, 2013, the trial court considered Estrada's petition. In its Memorandum of Decision, the court stated: "The Court has read and considered the petition for recall of sentence pursuant to . . . section 1170.126 filed by [the] Defendant on July 31, 2013. [¶] One of Defendant's prior convictions is for attempted murder (. . . section 664/187), in case A802972 on December 30, 1982 which is a disqualifying offense pursuant to . . . section 667(e)(2)(C)(iv)(IV), making Defendant ineligible for resentencing pursuant to . . . section 1170.126. [¶] For the foregoing reason, the petition for recall of sentence is DENIED WITH PREJUDICE."

Estrada filed a timely notice of appeal from the trial court's order on August 26, 2013.

---

[3]    Although the trial court's minute order and Memorandum of Decision indicate Estrada's petition was filed on July 31, 2013, the stamp on the actual petition indicates it was filed on July 29, 2013.

3

## CONTENTS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed November 22, 2013, the clerk of this court advised Estrada to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. On December 16, 2013, Estrada filed a response to the clerk's letter.

We initially note that section 1170.126 provides in relevant part: "(a) The resentencing provisions under this section . . . are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, [the Three Strikes law,] whose sentence under this act would not [otherwise] have been an indeterminate life sentence. [¶] (b) Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause . . . to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section."

Section 1170.126 does, however, provide that a defendant meet certain criteria before he or she may be resentenced under its provisions.  For example, subdivision (e) of the statute indicates that "[a]n inmate is eligible for resentencing [under this act] if: [¶] . . . [¶]  (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  Here, Estrada's prior conviction for attempted murder is referred to by section 1170.12, subdivision (c)(2)(C)(iv)(IV)[4] as well as section 667, subdivision (e)(2)(C)(iv)(IV).[5]  Under these circumstances, Estrada is ineligible for resentencing pursuant to the provisions of section 1170.126 and the trial court properly denied his petition.

Estrada asserts, by filing a brief which raised no issues, his counsel failed to consider the provisions of subdivision (k) of section 1170.126.  That subdivision reads: "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant."  Although it is not entirely clear, it appears Estrada believes, pursuant to subdivision (k), his appellate counsel should have moved to have his prior conviction for attempted murder stricken because the plea was involuntary, was unsupported by the evidence and his counsel at the time he entered the plea was ineffective.

---

[4]     Section 1170.12, subdivision (c)(2)(C)(iv)(IV) refers to "[a]ny homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive."

[5]     Section 667, subdivision (e)(2)(C)(iv)(IV) refers to "[a]ny homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive."

Apart from whether his counsel should have made such a motion under subdivision (k) of section 1170.126, Estrada has provided no evidence in support of his assertion his plea to attempted murder was unsupported by the evidence, was involuntary or that his counsel in the matter was ineffective.  In order to be considered, a defendant's statement or assertion must be corroborated by independent, objective evidence.  (*In re Alvernaz* (1992) 2 Cal.4th 924, 938, 945.)  No such evidence has been provided here.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, J.

We concur:

KLEIN, P. J.

ALDRICH, J.

6